**LIMITING RULE 404(b) JURY INSTRUCTIONS**

Form Instruction 5-25 Similar Acts--Intent, Knowledge, Absence of Mistake:

The government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar to the charges in the indictment.

In that connection, let me remind you that the defendant is not on trial for committing this act not alleged in the indictment. Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar act was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act he must also have committed the acts charged in the indictment.

1-5 Modern Federal Jury Instructions-Criminal ¶ 5.10.

**LIMITING RULE 404(b) JURY INSTRUCTIONS**

Form Instruction 5-26 Similar Acts--Identity, Common Scheme, Plan or Preparation:

There has been evidence received during the trial that the defendant engaged in other conduct which was similar in nature to the conduct charged in the indictment. If you find that the defendant did engage in that other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the indictment, then you may, but you need not, infer that (the defendant was the person who committed the acts charged in this indictment) (the acts charged in this indictment and the other conduct were part of a common plan or scheme committed by the defendant).

However, the evidence of similar conduct is to be considered by you only on the issue of (identity) (common scheme, plan or preparation). It may not be considered by you for any other purpose. Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crime.

1-5 Modern Federal Jury Instructions-Criminal ¶ 5.10.

**LIMITING RULE 404(b) JURY INSTRUCTIONS**

<u>United States v. Garcia</u>, 983 F.2D 1160, 1171-1172 (1st Cir. 1993):

>. . . Mr. Foreman and members of the jury, sometimes evidence is admissible for one purpose, but it's not admissible for another purpose. So, the Court has to allow the evidence in because it's relevant on some point in the case. But I have to advise you, as jurors, that you can't consider it on some other point in the case.
>
>The rule of evidence that's involved is rule 404(b) which relates to other crimes or wrongs, prior bad acts as it's often referred to. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. That's the rule. What it means is that, in a criminal trial for an offense you can't bring in evidence of other offenses, just to show that the defendant is a bad person and is likely to have committed this offense. That's not admissible for that purpose. However, it is admissible to show knowledge or intent or plan.
>
>I have ruled that this evidence is admissible in this case against [the defendant] because two of the issues in the case relate to his knowledge and his intent. First of all, he has to have knowing possession of the cocaine in this case, and also, he is charged with not only knowing possession but possession with intent to distribute. And so, this evidence relates to his knowledge about cocaine and whether he knowingly possessed it in that apartment on Gallatin Street, and also, if he possessed it, whether he possessed it with intent to distribute.
>
>So, you may consider this evidence of prior acts by the defendant, [ ], only on the question of his knowledge and intent in this case; and the United States has the burden of proving those elements beyond a reasonable doubt.

**LIMITING RULE 404(b) JURY INSTRUCTIONS**

United States v. Nickens, 955 F.2d 112, 125-126, n. 8 (1st Cir.):

> I instruct you that evidence of [Rodriguez's and Miranda's additional drug trafficking] is not presented to you and you should not consider it to prove that because defendant was guilty of those charges you are now considering.

> The [evidence discovered on April 18, 2003] [was presented] to you only to show possible knowledge and intent to commit the present offense, and that is all. They are not presented to you to show bad character or a pattern of conduct or propensity to commit this type of crime.