UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA   )
            Plaintiff     )
                          )  Cr.#  04-10336-NMG
     v.                   )
                          )
EDWIN TORRES              )
            Defendant     )
_____)
```

**SENTENCING MEMORANDUM OF DEFENDANT PURSUANT
TO F.R.Cr.P. RULE 32(a)(C) and 18 U.S.C. § 3553(a)**

*It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.*
<u>United States v. Koon</u>, 518 U.S. 81, 113 (1996)

This memorandum is being submitted to assist this Honorable Court in its determination of the most appropriate sentence for Mr. Torres by addressing each of the available sentencing options under the provisions of 18 U.S.C. § 3553(a), inclusive of any consideration of the United States Sentencing Guidelines.

The United States Court of Appeals for the First Circuit in <u>United States v. Jimenez-Beltre</u>, 440 F.3d 514, 518 (1st Cir. 2006) reiterated the importance of the imposition of a discretionary "reasonable sentence" (..."guidelines are still generalizations that can point to outcomes that may appear unreasonable to sentencing judges in particular cases" ...). As set forth below the guidelines calculations in this

1

particular case do not provide an appropriate measure for sentencing Mr. Torres as an individual, or exact a sentence that is "sufficient, but not greater than necessary" to carry out the purposes of sentencing outlined in 18 U.S.C. § 3553(a).

This Honorable Court is free to look at **all** the factors of 18 U.S.C. § 3553(a) in imposing a "reasonable sentence." While § 3553(a)(4) requires the Court to consider the Guideline ranges, "it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a)." *Booker,* Breyer, J. 125 S.Ct. at 757.

This sentencing approach is consistent with the view that was expressed by Justice Kennedy in his 2003 speech to the American Bar Association when he openly commented on the unfair severity of federal sentences: "Our resources are misspent, our punishments too severe, our sentences too long....In the federal system the sentencing guidelines are responsible in part for the increase in prison terms....**The Federal Sentencing Guidelines should be revised downward...**(*emphasis added.*)"

**18 U.S.C. § 3553 SENTENCING FACTORS**

1. *The nature and circumstances of the offense*, 18 U.S.C. § 3553(a)(1). In the case at bar, Mr. Torres's participation was minimal. According to the wiretap and physical evidence he was a limited a courier of information and contraband. As a "runner" for another he obeyed the orders given to him by those who were the suppliers. He would do as he as told. He also allowed his baseball club facility to be used for the storage of drug paraphernalia. See: PSR ¶ 45. Mr. Torres had no

2

decision making authority as to the quantities, the customer nor the price. Under the sentencing guidelines he should be considered a "minor participant. U.S.S.G. § 3B1.2; see United States v. Santos, 357 F.3d 136, 142 (1st Cir. 2004).

1B.   *The history and characteristics of the defendant .*

Before the Court is a 41 year old man with **no** prior criminal history.  The instant offense is an aberration in an otherwise law-abiding and hardworking life. Mr. Torres, however, is illiterate and unskilled. At best he has a fourth grade education and as such is easily influenced by others. Mr. Torres is in need of education and training.  See PSR ¶s 169-174.

(2)(A) (B) (C).     *The need for the sentence "to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant.*

Mr. Torres  stands convicted of a serious felony drug conviction.  As such he will forever be barred from a number of federal benefits.  Any sentence imposed will be a significant punishment for a man who has never previously spent a day in jail. The instant offense and its consequences are themselves an unforgiving education.  There is little question that Mr. Torres will never come before any court again.

2 (D) *"to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."*

It is clear that Mr. Torres is also in need of further training and/or education. As set forth above Mr. Torres has only fourth grade education and no significant skills.

(4). *The applicable category of offense under the Advisory Guidelines.*

Mr. Torres respectfully submits that any consideration of the Sentencing Guidelines should take into account the following advisory guideline provisions:

| | |
|---|---:|
| **Base Offense Level**, U.S.S.G. § 2D1.1( c)(9) | **22** |
| **Minor Role in the Offense**  U.S.S.G. § 3B1.2 | **-2** |
| **Acceptance of Responsibility** U.S.S.G. § 3E1.1 | **-3** |
| **Total Offense Level** | **17** |
| Criminal History I | |
| **Applicable Guideline Range** | (Level 17) 24-30 months |

(6). *The need to avoid unwarranted sentence disparities with similar records who have been found guilty of similar conduct.*

This is Mr. Torres's first criminal offense. At a minimum he will be placed on 3 years of supervised release following any period of imprisonment. Given that he is a first time offender, with minimal involvement when compared with not only

4

```
his co-defendant's but also similar people who have been

convicted of similar offenses, he would benefit from being

given the chance to demonstrate his commitment to remain law

abiding with the assistance of Probation.  The following

article is instructive:
```

> The concept of probation, from the Latin word *probatio* - meaning testing period - has historical roots in the practice of *judicial reprieve*. In English Common Law the Courts could temporarily suspend the execution of a sentence to allow the defendant to appeal to the Crown for a pardon. Probation first developed in the United States when John Augustus, a Boston boot maker, persuaded a judge in the Boston Police Court in 1841 to give him custody of a convicted offender, a "drunkard," for a brief period and then helped the man to appear rehabilitated by the time of sentencing. Even before John Augustus, the practice of suspended sentence was used as early as 1830, in Boston, Massachusetts and became widespread in U.S. Courts, although there was no statutory authorization for such a practice. At first, judges used "release on recognizance" or bail and simply failed to take any further legal action. By the mid-19th century, however, many Federal Courts were using a judicial reprieve to suspend sentence, and this posed a legal question. In 1916, the United States Supreme Court held that a Federal Judge (Killets) was without power to suspend a sentence indefinitely. This famous court decision led to the passing of the National Probation Act of 1925, thereby, allowing courts to suspend the imposition of a sentence and place an offender on probation, ...
>
> Massachusetts developed the first statewide probation system in 1880, and by 1920, 21 other states had followed suit. With the passage of the National Probation Act on March 5, 1925, signed by President Calvin Coolidge, the U.S./Federal Probation Service was established to serve the U.S. Courts. On the state level, pursuant to the Crime Control and Consent Act passed by Congress in 1936, a group of states entered into agreement by which they would supervise probationers and parolees for each other known as the Interstate Compact For the Supervision of Parolees and Probationers, the agreement was originally signed by 25 states in 1937. In 1951, all the states in the United States of America had a working probation system and ratified the Interstate Compact Agreement. In 1959, the newly adopted states, Alaska and Hawaii, in addition the Commonwealth of Puerto Rico, U.S. Virgin Islands and the territories of Guam and America Samoa ratified the act as well.
>
> Probation began as a humanitarian effort to allow first-time and minor offenders a second chance. Early probationers were expected not only to obey the law but also to behave in a morally acceptable fashion. Officers sought to provide moral leadership to help shape probationers' attitudes and behavior with respect to family, religion, employment, and free time. They aimed to ensure that this was enforced as well, and early probationers were given the opportunity to prove themselves and possibly even reduce their sentence.

http://en.wikipedia.org/wiki/Probation

Mr. Torres would welcome the opportunity to prove to this Honorable Court that he can return to being a law abiding productive member of society. He recognizes that he must be punished for his actions but he respectfully asks that any punishment be tempered to reflect his individual conduct rather than that of a statistical generalization.

## CONCLUSION

WHEREFORE, defendant Edwin Torres respectfully requests this Honorable Court to sentence him to a year and a day with 3 years of supervised release. He further requests that the Court find that he has no ability to pay a fine. Such a reasonable sentence would be warranted in the interest of justice.

Date:  January 6, 2007                Respectfully submitted,

                                      *S/Victoria M. Bonilla*

                                      VICTORIA M. BONILLA, BBO # 558750
                                      77 Central Street, 2nd Floor
                                      Boston, MA 02109
                                      (617) 350-6868

                                      Attorney for Defendant
                                      Edwin Torres

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.                              *S/ Victoria M. Bonilla*