UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO.: 04-10336-NMG |
| v. ) | |
| ) | |
| JULIO SANTIAGO ) | |

**UNITED STATES' MOTION FOR JUDGMENT OF
<u>FORFEITURE</u>**

The United States of America, by and through its undersigned counsel, submits the following brief relating to the criminal forfeitures alleged in the Second Superseding Indictment.

**A.   <u>Applicable Forfeiture Statute</u>**

In this criminal action, the United States seeks a money judgment for $359,270 in United States currency, on the grounds that it constituted or was derived from proceeds obtained, directly or indirectly, as the result of the drug trafficking crimes alleged in Count 1 of the Superseding Indictment.

The applicable statute provides that the following property is subject to forfeiture to the United States:

> Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of state law ... (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; ...

21 U.S.C. § 853(a).

**B.   <u>Applicable Forfeiture Procedures</u>**

Pursuant to Fed. R. Crim. P. 32.2(b), the criminal trial

must be bifurcated into guilt and forfeiture phases. The court must conduct a proceeding to determine the forfeitability of the property after the court enters a guilty verdict. Fed. R. Crim. P. 32.2(b)(1). Generally, the forfeitability of the property is determined by the court, but in cases where the guilty verdict was returned by a jury, the defendant has the right to ask that the jury be retained to make the forfeitability determination. Fed. R. Crim. P. 32.2(b)(4); <u>United States v. Davis</u>, 177 F. Supp. 2d 470 (E.D. Va. 2001) (under Rule 32.2(b)(4), defendant must make a specific request to have the jury retained to determine the forfeiture). In this case, during the pretrial conference, the defendant waived his right to a jury determination on the forfeiture.

The court must find whether there is a nexus between the property that the government asserts shall be forfeited to the United States and each violation of which it finds the defendant guilty. The finder of fact may consider any evidence, including testimony, offered by the parties at any time during the trial. The finder of fact must not consider what happens to any property that is declared forfeited, nor should it consider any claims that other persons may have to the property. The interests that other persons may have in the property will be taken into account by the court at a later time. Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the court at a later time.

**C.   Burden of Proof**

The burden of proof regarding forfeitability of property in a criminal case is preponderance of the evidence. Libretti v. United States, 516 U.S. 29, 49 (1995) (forfeiture is part of the sentencing phase of a criminal case, and a defendant accordingly has no Sixth Amendment right to have the jury determine the forfeitability of his property); United States v. Keene, 341 F.3d 78, (1st Cir. 2003)(preponderance standard applies to criminal forfeiture). The forfeiture is not viewed as a separate charge, but as an aspect of punishment imposed following conviction of a substantive offense. Keene, 341 F.3d at 85-86 (internal quotations and citations omitted). Thus, the preponderance of the evidence standard applies. Id. at 86.

**D.   Money Judgment**

Personal forfeiture money judgments are specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. See, e.g., United States v. Hall, 434 F.3d 42, 59 (1st Cir. 2006) ("criminal forfeiture may take several forms [including] an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense.")(quoting United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999)).

**E.   Joint and Several Liability**

Where two or more persons act jointly in committing a

violation of the drug laws, then they are jointly and severally liable for the forfeiture of all proceeds of that drug violation. If a defendant violates the drug laws in concert with others, then he is jointly and severally liable for the full amount of the proceeds, regardless of who actually took possession of the cash. <u>United States v. Candelaria-Silva</u>, 166 F.3d 19, 44 (1st Cir. 1999), cert. denied, 120 S.Ct. 1559 (2000)(even minor participants in drug conspiracy are jointly and severally liable for forfeiture of the full amount of proceeds reasonably foreseeable).

**F.   Request for Finding as to Santiago**

In this case, the government established that Santiago was responsible for at least 3,592.7 grams of heroin. <u>See</u> PSR at ¶ 141.  Santiago is therefore responsible under <u>Candelaria-Silva</u> for the full amount of proceeds reasonably foreseeable based on that amount. <u>Candelaria-Silva</u>, 166 F.3d at 44.  The evidence in this case established that the proceeds received for heroin in this conspiracy ranged from $96 per gram (PSR at ¶36) to $130 per gram (PSR at ¶ 39).  Testimony of law enforcement officers indicated that the street value of the heroin was substantially higher: according to Trooper Jamie Cepero and Task Force Agent Marcos Chavez, each gram of heroin contained as many as one hundred "hits" of heroin, each of which could be sold for $5. Therefore, the street value of a gram of heroin is as much as $500 per gram.  Cepero testified that there was no set price

established for individual hits or fingers or heroin, and that the price could fluctuate depending on the traditional business principles of supply and demand.

Therefore, applying a conservative approach to the above evidence, the government respectfully requests that this Court find that proceeds of $100 per gram were foreseeable to Santiago for the drugs attributable to him in this conspiracy. This value is consistent with the amount paid by undercover operative Marcos Chavez, who testified at trial that he paid between $900.00 and $950.00 per "finger" (10 grams) when making purchases from co-defendant Reynaldo Rivera through Zuleima Reyes and Santiago Arroyo.[1] Accordingly, the government respectfully requests a forfeiture judgment of $359,270 against Santiago.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By:  /s/ William F. Bloomer
     WILLIAM F. BLOOMER
     NANCY RUE
     Assistant U.S. Attorneys
     U. S. Attorney's Office
     (617) 748-3100

---

[1] Additionally, at trial the government entered into evidence numerous Postal money order receipts and money wire transfers in amounts ranging from $100.00 to over $500.00. These money orders and wire transfers, seized from Santiago's apartment at the end of the investigation on October 15, 2004, were made payable to Santiago's relatives. The evidence also clearly established that Santiago was unemployed during the period of the conspiracy and had no other legitimate income. Nevertheless, Santiago paid approximately $650.00 per month in cash to rent his apartment at 264 Mechanic Street at the same time he was wiring and sending money to relatives.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ William F. Bloomer  
WILLIAM F. BLOOMER  
Assistant United States Attorney

Date:   March 7, 2007